FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 601-0779
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES RAGUDO; FILEMON RAGUDO; MARY KNOLL RAGUDO-JOHNSON; and ROBERTO CAISIP, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DALY CITY; POLICE CHIEF PATRICK HENSLEY; OFFICER COREY SHOOPMAN; OFFICER BRUCE PERDOMO; OFFICER NICHOLAS MCCARTHY; and DOES 1-25, <br><br> Defendants. | CASE NO.:  3:18-cv-5602 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*); <br> 2. Violation of Decedent's Fourteenth Amendment Rights 42 U.S.C §1983; <br> 3. Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations and *Monell*); <br> 4. Violation of 42 U.S.C. § 12132 (ADA Discrimination); <br> 5. Wrongful Death/Negligence; <br> 6. Assault and Battery; <br> 7. Bane Act Violation; <br> 8. Intentional Infliction of Emotional Distress; and <br> 9. Negligent Infliction of Emotional Distress. <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs DOLORES RAGUDO, FILEMON RAGUDO, MARY KNOLL RAGUDO-JOHNSON, and ROBERTO CAISIP, demanding a jury trial, bring this action against Defendants CITY OF DALY CITY, POLICE CHIEF PATRICK HENSLEY, OFFICER COREY SHOOPMAN, OFFICER BRUCE PERDOMO, OFFICER NICHOLAS MCCARTHY, and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1.   Plaintiff DOLORES RAGUDO is an individual and natural heir, successor in interest and survivor of decedent, Warren Ragudo, her son. She is a person described in California Code of Civil Procedure §§ 377.30 and 377.60 as persons who may bring a survivorship action and wrongful death action and who would be entitled to the property of the decedent through intestate succession. At all times relevant to this complaint, DOLORES RAGUDO has resided in the City of Daly City, which is located within the Northern District of California.

2.   Plaintiff FILEMON RAGUDO is an individual and natural heir, successor in interest and survivor of decedent, Warren Ragudo, his son. He is a person described in California Code of Civil Procedure §§ 377.30 and 377.60 as persons who may bring a survivorship action and wrongful death action and who would be entitled to the property of the decedent through intestate succession. At all times relevant to this complaint, FILEMON RAGUDO has resided in the City of Daly City, which is located within the Northern District of California.

3.   Plaintiff MARY KNOLL RAGUDO-JOHNSON is an individual and sister of the decedent, Warren Ragudo. At all times relevant to this complaint, Ms. RAGUDO-JOHNSON has lived in the City of Daly City, which is located within the Northern District of California.

2

4.   Plaintiff ROBERTO CAISIP is an individual and uncle of the decedent, Warren Ragudo. At all times relevant to this complaint, Mr. CAISIP has lived in the City of Daly City, which is located within the Northern District of California.

5.   Defendant CITY OF DALY CITY ("DALY CITY") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. DALY CITY is a municipality located within the Northern District of California.

6.   Defendant POLICE CHIEF PATRICK HENSLEY is an individual and was the police chief for DALY CITY at all times relevant to this complaint. HENSLEY, was at all times relevant to this complaint, employed by DALY CITY as the Chief of Police and was acting under the color of law as it pertains to this complaint. HENSLEY is being sued in his official capacity.

7.   Defendant OFFICER COREY SHOOPMAN is an individual. SHOOPMAN is, and was at all times relevant to this complaint, employed by DALY CITY as a police officer and was acting under the color of law as it pertains to this complaint. SHOOPMAN is being sued in his individual capacity.

8.   Defendant OFFICER BRUCE PERDOMO is an individual. PERDOMO is, and was at all times relevant to this complaint, employed by DALY CITY as a police officer and was acting under the color of law as it pertains to this complaint. PERDOMO is being sued in his individual capacity.

9.   Defendant OFFICER NICHOLAS MCCARTHY is an individual. MCCARTHY is, and was at all times relevant to this complaint, employed by DALY CITY as a police officer and was acting under the color of law as it pertains to this complaint. MCCARTHY is being sued in his individual capacity.

10.  Defendants Does 1-25 are defendants whose capacities are unknown to plaintiffs.

3

11. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

12. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the County of San Mateo, which is located in this district.

## III. STATEMENT OF FACTS

14. On the night of January 16, 2018, at approximately 11:00 p.m., the decedent, Warren Ragudo, was in his home suffering from a psychological breakdown arising from mental health issues and drug addiction. Decedent's father, Plaintiff FILEMON RAGUDO, and decedent's uncle, CAISIP, were preventing Warren from trying to exit the family home in an altered state. Decedent's sister, RAGUDO-JOHNSON called the DALY CITY POLICE DEPARTMENT for help, hoping that Warren would be placed on a psychiatric hold.

15. DALY CITY police officers SHOOPMAN, PERDOMO and MCCARTHY responded to the call and went to the Ragudo home located at 964 Brunswick Street, Daly City, California. Upon entering the home, the Ragudo family apprised the officers of the situation. They explained that decedent had a history of drug addiction and mental health issues and was acting erratically. Decedent, who was unarmed, was being held down by his uncle and his father – with FILEMON RAGUDO, who was lying on his back, holding his son in a bear hug on the floor in the living room.

16.   Two of the officers, believed to be SHOOPMAN and MCCARTHY, grabbed hold of decedent, placing him in a prone position. As the officers were securing decedent, FILEMON RAGUDO was able to move onto a couch immediately next to his son. CAISIP and RAGUDO-JOHNSON were also in the living room, immediately behind the officers. From there respective vantage points, FILEMON RAGUDO, CAISIP and RAGUDO-JOHNSON were able to see the officers and decedent.

17.   Although decedent struggled while on the ground, he never once kicked or swung his arms at the officers. Within short order, Officers SHOOPMAN and MCCARTHY were able place decedent into handcuffs.

18.   In order to get control of the decedent, the Officers SHOOPMAN and MCCARTHY began to place their body weight on decedent's back. One of the officers placed his knee between decedent's shoulder blades, pressing decedent's torso into the floor.

19.   Plaintiffs recall that the officers placed weight on decedent's back for several minutes. As they did so, decedent continued to struggle, trying to lift his head off the ground. It appeared to the plaintiffs that decedent was in distress – that he was having trouble breathing, as he was growing quiet.

20.   Without warning, Officer PERDOMO, who had arrived after the other officers and was now on the floor next to decedent, unholstered his Taser. PERDOMO placed his Taser to decedent's lower back and proceeded to Taser decedent several times, even though decedent was already restrained and in handcuffs, in violation of known police protocols. Decedent went into arrest and stopped breathing immediately after being Tasered, all within sight of his father, uncle and sister.

21.   Paramedics were eventually summoned to the home and began to administer CPR in the living room before transporting decedent to Seton Medical Center, an acute care facility a few

miles away. Medical staff was unable to resuscitate decedent. At 12:22 a.m., Warren was pronounced dead.

22.   Upon information and belief, decedent died as a result of the officers' excessive restraint and Taser applications, which caused decedent to undergo cardiopulmonary arrest. The San Mateo Coroner's Office has mannered decedent's death a homicide.

23.   Upon information and belief, DALY CITY police department staff was familiar with decedent, Warren Ragudo. They were aware that decedent suffered from substance abuse and mental health issues as Warren had been 5150-ed (i.e., placed on psychiatric holds) by DALY CITY police department officers in the past. In fact, DALY CITY police had been dispatched to the Ragudo home in the previous months.

24.   Upon information and belief, as part of their jobs, DALY CITY officers regularly interact with members of the community suffering from substance abuse problems as well as psychiatric/psychological problems, such as decedent.

25. Upon information and belief, DALY CITY does not train, or inadequately trains its officers on how to deal with persons suffering from psychiatric or psychological problems and/or drug abuse. Furthermore, DALY CITY has a widespread or longstanding custom and practice of not providing adequate assistance to individuals suffering from drug abuse or psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals suffering from psychiatric or psychological problems and/or drug abuse.

26. Upon information and belief HENSLEY was the police chief and final policymaker for the DALY CITY Police Department at the time of the incident in question. In that capacity, defendant HENSLEY was responsible for implementing policies at the DALY CITY police department that have led to the lack of, or inadequacy, of training for DALY CITY officers in the use of force in the field and on how to deal with persons suffering from psychiatric or

psychological problems and/or drug abuse. Furthermore, under defendant HENSLEY, the DALY CITY police department has had, maintained, and fostered a widespread or longstanding custom and practice of (i) using excessive force when effectuating arrests, and (ii) not providing adequate assistance to individuals suffering from psychiatric or psychological problems and/or drug abuse. Under defendant HENSLEY, the DALY CITY police department also does not properly training staff to interact with both persons suffering from psychiatric or psychological problems and/or drug abuse or their families, who are the ones who often call DALY CITY police officers for help.

27. Decedent was a qualified individual with a recognized disability pursuant to 42 U.S.C. § 12132.

28. Plaintiffs filed timely government claims against defendants pursuant to California Government Code §910, et seq., for section 1983 claims, negligence and wrongful death, assault and battery, Bane Act Violations, and intentional and negligent infliction of emotional distress. Plaintiffs' claims were subsequently rejected by DALY CITY.

## IV. CAUSES OF ACTION

### FIRST CLAIM

#### (Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*) – As to All Defendants)

29. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

30. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO are the heirs and successors in interest of decedent and accordingly have standing under Code of Civil Procedure section 377.30 to bring this claim.

31. All named Defendant Officers and Does 1-20, acting under color of law, used unreasonable and excessive force on January 16, 2018, by deliberately and intentionally

excessively restraining, tasing and ultimately killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed and handcuffed; (iii) decedent did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that decedent was suffering from a mental or psychological or substance abuse disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

32. Defendant HENSLEY and Does 21-25 deprived decedent of his rights, privileges, and immunities secured by the United States Constitution by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or psychological problems or substance abuse issues. Defendant DALY CITY also has a widespread or longstanding custom and practice ratifying excessive force and of not providing assistance to individuals suffering from psychiatric or psychological problems or substance abuse issues, which failures, together with its lack of, or inadequate, training of its officers amounts to deliberate indifference towards the constitutional rights of individuals, such as decedent, suffering from psychiatric or psychological problem and substance abuse. Defendant HENSLEY, in his capacity as Chief of Police and also as the final policymaker for the DALY CITY police department, was a moving force behind the above failure/inadequacy to train and custom and practice at the time of the incident in question.

33. As a direct result of Defendant Officers SHOOPMAN, PERDOMO, and MCCARTHY, Defendant HENSLEY, and Does 1-25's actions and inactions, decedent's constitutional rights were violated, resulting in decedent's death.

34. The conduct of the named Defendant Officers and Does 1-20, as alleged, was intended to cause injury to Warren Ragudo and was done in conscious disregard of decedent's rights and safety and thus constitutes malice. In addition, by their conduct, the Defendant Officers subjected

8

Warren Ragudo to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression. Because the above acts were performed in a malicious, and/or oppressive manner, decedent is entitled to recover punitive damages from named Defendant Officers and Does 1-20 in an amount according to proof.

## SECOND CLAIM

**(Violation of Decedent's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process) – As to all Defendant Officers and Does 1-20)**

35. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

36. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO are the heirs and successors in interest of decedent and accordingly have standing under Code of Civil Procedure section 377.30 to bring this claim.

37. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO allege that Defendant Officers and Does 1-20 deprived decedent of his Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by deliberately and intentionally excessively restraining, tasing and ultimately killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed and already handcuffed; (iii) decedent did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have known, that decedent was suffering from a mental or psychological disability or substance abuse issues; and (v) other alternative methods were available to effectuate a seizure. Such actions were outrageous and shock the conscience.

38. Defendant Officers and Does 1-20's actions violated decedent's constitutional rights and resulted in decedent's suffering and death, and were a proximate and direct cause of decedent injuries arising from decedent's wrongful death.

9

39. The conduct of Defendant Officers and Does 1-20, as alleged, was intended to cause injury to decedent and was done in conscious disregard of decedent's rights and safety and thus constitutes malice. In addition, by his conduct, Defendant Officers subjected decedent to cruel and unjust hardship in conscious disregard of decedent's civil rights, thus constituting oppression.  Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from Defendant Officers and Does 1-20 in an amount according to proof.

**THIRD CLAIM**

**(Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations) - As to All Defendants)**

40. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

41. Plaintiff DOLORES RAGUDO is decedent's mother. Plaintiff FILEMON RAGUDO is decedent's father.

42. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, the unwarranted state interference in their familial relationship with their son, decedent Warren Ragudo.

43. Defendant Officers and Does 1-20 deprived plaintiffs of their Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by deliberately and intentionally excessively restraining, tasing and ultimately killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed and already handcuffed; (iii) decedent did not pose any threat to defendants, other officers or bystanders; (iv) defendants knew, or should have

known, that decedent was suffering from a mental or psychological disability or substance abuse issues; and (v) other alternative methods were available to effectuate a seizure. Such actions were outrageous and shock the conscience.

44. Additionally, Defendant HENSLEY and Does 21-25 deprived plaintiffs DOLORES RAGUDO and FILEMON RAGUDO of their Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or psychological problems. Defendant DALY CITY also has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems or substance abuse, which failures, together with its lack of, or inadequate, training of its officers amounts to deliberate indifference towards the constitutional rights of individuals, such as Warren Ragudo, suffering from psychiatric or psychological problems or substance abuse. Defendant HENSLEY, in his capacity as Chief of Police, is a moving force behind the above failure/inadequacy to train and custom and practice.

45. The aforementioned actions of defendants, while acting under color of state law, and without due process of law, violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with decedent.

### FOURTH CLAIM

**(Violation of 42 U.S.C. § 12132 (ADA Discrimination) – As to Defendant DALY CITY)**

46. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

47. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO are the heirs and successors in interest of decedent and accordingly have standing under Code of Civil Procedure section 377.30 to bring this claim.

11

48. As against Defendant DALY CITY, plaintiffs DOLORES RAGUDO and FILEMON RAGUDO further allege that defendant DALY CITY failed to train, supervise, and or discipline Defendant Officers and DOES 1-20 in recognizing symptoms of disability under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as decedent, from participating in or denying benefits and services provided by Defendant DALY CITY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the unwarranted seizure of decedent during the course of the subject-incident and which ultimately resulted in his death. Plaintiff further alleges that qualified individuals, such decedent, were discriminated against from participating in or denying benefits and services provided by Defendant DALY CITY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the unwarranted seizure of decedent during the course of the subject-incident and which ultimately resulted in his death.

49. Defendant HENSLEY, in his capacity as Chief of Police, was a moving force behind the above failure/inadequacy to train, custom and practice, and the violations of Title II of the Americans with Disabilities act.

50. At the time Defendant Officers and Does 1-20 made contact with decedent they knew and/or had reason to know that decedent was experiencing a mental crisis and substance abuse and were aware of decedent's disability and the symptoms and manifestations of decedent's recognized disability, and yet these Defendants decided to unlawfully seize decedent, further exacerbating his mental health crisis. In addition, Defendant Officers and Does 1-20 failed to provide reasonable accommodations during their encounter with decedent by failing: to follow inter-departmental and industry-wide accepted protocols when encountering mentally unstable suspects and persons with substance abuse. Instead, Defendant Officers excessively restrained,

tased and ultimately killed the unarmed decedent.

51. The aforementioned conduct of Defendant DALY CITY, by and through its agents and employees, in failing to make reasonable accommodations for, and prevent discrimination against, decedent denied decedent the benefits of Defendant DALY CITY's programs and activities, and/or discriminated against decedent by reason of his recognized disability.

## FIFTH CAUSE OF ACTION

### (Wrongful Death – Negligence – As to All Defendants)

52. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

53. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO, heirs, and successors in interest of decedent, have standing under Code of Civil Procedure section 377.60 to bring this claim.

54. Defendants and DOES 1 – 20 inclusive, by and through their respective agents and employees, proximately caused the death of decedent January 16, 2018 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

55. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, and services in an amount according to proof at trial.

56. As a further actual and proximate result of said defendants' negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

57. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent and resulting injuries. Defendant DALY CITY is vicariously liable for the torts of its officers, who were acting within the scope of their employment with DALY CITY at the time of the incident pursuant to California Government Code §815.2.

13

**SIXTH CAUSE OF ACTION**

**(Assault and Battery – As to All Defendant Officers, DALY CITY and DOES 1-20)**

58. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

59. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO, heirs, and successors in interest of decedent, have standing under Code of Civil Procedure section 377.60 to bring this claim.

60. Defendant Officers and DOES 1-20 while working as police officers for DALY CITY, and acting within the course and scope of their duties, intentionally excessively restrained, tased and prevented the decedent from being able to breathe without decedent's consent.

61. As a result of the actions of these defendants, decedent ultimately died from his injuries. Defendant Officers and DOES 1-20 did not have legal justification for using the level of force they used against decedent, and these Defendants' use of force while carrying out their police officer duties was an unreasonable use of force. Defendant DALY CITY is vicariously liable for the torts of its officers, who were acting within the scope of their employment with DALY CITY at the time of the incident pursuant to California Government Code §815.2.

62. Defendant Officers and DOES 1-20's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by defendants' conduct.

**SEVENTH CAUSE OF ACTION**

**(BANE ACT VIOLATION – As to All Defendant Officers, DALY CITY and DOES 1-20)**

63. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

64. Plaintiffs DOLORES RAGUDO and FILEMON RAGUDO, heirs, and successors in

14

interest of decedent, have standing under Code of Civil Procedure section 377.60 to bring this claim.

65. Defendant Officers and DOES 1-20 while working as police officers for DALY CITY and acting within the course and scope of their duties, intentionally excessively restrained and tased decedent.

66. Defendant Officers interfered with the decedent's Fourth amendment right to be free from the unlawful seizure of his person through the exercise of excessive force when they intentionally excessively restrained and tased decedent and prevented him from breathing.

67. That upon observing the Defendant Officers exercising excessive force upon his person, the decedent reasonably believed that if he exercised his right to be free from the unlawful use of excessive force upon his person, that the Defendant Officers would commit violence against him.

68. That Defendant Officers injured the decedent to prevent him from exercising these rights.

69. That decedent was harmed because he suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on him by the Defendant Officers; and

70. The Defendant Officers use of excessive force to prevent the decedent from exercising his rights was a substantial factor in causing his harm.

71. Defendant DALY CITY is vicariously liable for the torts of its officers, who were acting within the scope of their employment with DALY CITY at the time of the incident, pursuant to California Government Code §815.2.

///

///

///

15

## EIGHTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress – As to All Defendant Officers, DALY CITY and DOES 1-20)

72. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

73. Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP were all close family members of decedent.

74. Defendant Officers and DOES 1-20 while working as police officers for DALY CITY, and acting within the course and scope of their duties, intentionally excessively restrained, tased and prevented the decedent from being able to breathe without decedent's consent, leading to decedent's death while in the presence of his family members – Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP.

75. Defendant Officers and DOES 1-20's conduct was outrageous.

76. Defendant Officers and DOES 1-20 acted with a reckless disregard of the probability that Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP would suffer emotional distress, knowing that Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP were present when the conduct occurred.

77. Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP have suffered severe emotional distress as a result of Defendant Officers and DOES 1-20's conduct.

78. Defendant Officers and DOES 1-20's conduct was a substantial factor in causing Plaintiff MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP's severe emotional distress.

79. Defendant DALY CITY is vicariously liable for the torts of its officers, who were acting within the course and scope of their employment with DALY CITY at the time of the incident pursuant to California Government Code §815.2.

80. Defendant Officers and DOES 1-20's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by defendants' conduct.

## NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress – As to All Defendant Officers, DALY CITY and DOES 1-20)

81. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

82. Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP were all close family members of decedent.

83. Defendant Officers and DOES 1-20 while working as police officers for DALY CITY, and acting within the course and scope of their duties, negligently excessively restrained, tased and prevented the decedent from being able to breathe without decedent's consent, leading to decedent's death while in the presence of his family members – Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP.

84. Plaintiffs MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP suffered severe emotional distress as a result of Defendant Officers and DOES 1-20's negligence.

85. Defendant Officers and DOES 1-20's negligence was a substantial factor in causing Plaintiff MARY KNOLL RAGUDO-JOHNSON, FILEMON RAGUDO and ROBERTO CAISIP's severe emotional distress.

86. Defendant DALY CITY is vicariously liable for the torts of its officers, who were acting within the course and scope of their employment with DALY CITY at the time of the incident pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

Respectfully submitted,

LAW OFFICE OF FULVIO F. CAJINA

Dated: September 13, 2018          _____/s/ Fulvio F. Cajina_____
                                   FULVIO F. CAJINA
                                   Attorneys for Plaintiffs


LAW OFFICE OF STANLEY GOFF

Dated: September 13, 2018          _____/s/ STANLEY GOFF_____
                                   STANLEY GOFF
                                   Attorneys for Plaintiffs