**TODD H. MASTER [SBN. 185881]**
tmaster@hrmrlaw.com
**LISA K. RAUCH [SBN. 148575]**
lrauch@hrmrlaw.com
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:     (650) 365-7715
Facsimile:      (650) 364-5297

Attorneys for Defendants
CITY OF DALY CITY, POLICE CHIEF PATRICK HENSLEY,
OFFICER COREY SHOOPMAN, OFFICER BRUCE PERDOMO,
and OFFICER NICHOLAS McCARTHY

UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES RAGUDO; FILEMON RAGUDO; MARY KNOLL RAGUDO-JOHNSON; and ROBERT CAISIP<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DALY CITY; POLICE CHIEF PATRICK HENSLEY; OFFICER COREY SHOOPMAN; OFFICER BRUCE PERDOMO; OFFICER NICHOLAS MCCARTHY; and DOES 1-25,<br><br>Defendants. | Case No. 4:18-CV-05602-YGR<br><br>**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF DALY CITY, POLICE CHIEF PATRICK HENSLEY, OFFICER COREY SHOOPMAN, OFFICER BRUCE PERDOMO, AND OFFICER NICHOLAS MCCARTHY** |

COME NOW Defendants CITY OF DALY CITY, POLICE CHIEF PATRICK HENSLEY, OFFICER COREY SHOOPMAN, OFFICER BRUCE PERDOMO, and OFFICER NICHOLAS McCARTHY (collectively, "Answering Defendants") and in answer to Plaintiffs' Complaint on file herein admit, deny and allege as follows:

Answering the allegations contained in the first unnumbered Paragraph of the of the Complaint, Answering Defendants admit that, by way of their complaint filed in this action, plaintiffs claim damages and allege violations of Constitutional and state law.  Answering Defendants deny that they violated plaintiffs' Constitutional or state law rights and generally deny the reminder of the allegations set forth in this unnumbered Paragraph.

## I.   PARTIES

1. Answering the allegations contained in Paragraphs 1, 2, 3 and 4 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of these paragraphs and, basing their denials on that ground, deny the allegations therein.

2. Answering Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

3. Answering the allegations contained in Paragraph 6 of the Complaint, Answering Defendants admit that Police Chief Patrick Hensley was acting in the course and scope of his employment with the City of Daly City Police Department at the time of the incident giving rise to this litigation following his appointment as Chief of Police on or about January 9, 2018. Answering Defendants deny the reminder of the allegations set forth in this Paragraph.

4. Answering the allegations contained in Paragraph 7 of the Complaint, Answering Defendants admit that Officer Corey Shoopman ("Shoopman") was employed with the City of Daly City Police Department and was acting in the course and scope of his employment with the City of Daly City Police Department at the time of the incident giving rise to this litigation. Answering Defendants deny the reminder of the allegations set forth in this Paragraph.

5. Answering the allegations contained in Paragraph 8 of the Complaint, Answering Defendants admit that Officer Bruce Perdomo ("Perdomo") was employed with the City of Daly City Police Department and was acting in the course and scope of his employment with the City of

Daly City Police Department at the time of the incident giving rise to this litigation. Answering Defendants deny the reminder of the allegations set forth in this Paragraph.

6. Answering the allegations contained in Paragraph 9 of the Complaint, Answering Defendants admit that Officer Nicholas McCarthy ("McCarthy") was employed with the City of Daly City Police Department and was acting in the course and scope of his employment with the City of Daly City Police Department at the time of the incident giving rise to this litigation. Answering Defendants deny the reminder of the allegations set forth in this Paragraph.

7. Answering the allegations contained in Paragraph 10 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

8. Answering Defendants admit that they were acting within the course and scope of their employment with the City of Daly City Police Department at the time of the incident giving rise to this litigation and otherwise deny the allegations set forth in Paragraph 11 of the Complaint.

## II.   JURISDICTION AND VENUE

9. Answering Defendants admit the allegations set forth in Paragraphs 12 and 13 of the Complaint.

## III.   STATEMENT OF FACTS

10. Answering the allegations contained in Paragraphs 14 of the Complaint, Answering Defendants admit that on January 16, 2018 at approximately 11:21 p.m. and at approximately 11:25 p.m., 911 calls were received requesting police assistance at the residence located at 964 Brunswick Street in Daly City, California. Answering Defendants allege that they are without sufficient information or belief to enable them to answer each and every other allegation of this paragraph and, basing their denial on that ground, deny the allegations therein.

11. Answering the allegations contained in Paragraph 15 of the Complaint, Answering Defendants admit that on January 16, 2018 at approximately 11:26 p.m., Shoopman, McCarthy and

Perdomo responded to the residence located at 964 Brunswick Street in Daly City, California. Answering Defendants deny the reminder of the allegations set forth in this Paragraph.

12.  Answering Defendants deny the allegations set forth in Paragraphs 16, 17, 18, 19 and 20 of the Complaint.

13.  Answering the allegations contained in Paragraph 21 of the Complaint, Answering Defendants admit that CPR was initially administered by an officer of the Daly City Police Department and followed immediately by paramedics who took over lifesaving efforts.  Decedent Warren Ragudo was transported by ambulance to Seton Hospital where he was pronounced deceased at 12:22 a.m. on January 17, 2018.  Answering Defendants deny each and every other allegation set forth in this Paragraph.

14.  Answering Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

15.  Answering the allegations contained in Paragraph 23 of the Complaint, Answering Defendants admit that decedent Warren Ragudo was familiar to the City of Daly City Police Department and known to use methamphetamine and other controlled substances. Answering Defendants admit that decedent Warren Ragudo had been placed on holds under Welfare & Institutions Code § 5150 for being a danger to others and for being a danger to himself. Answering Defendants deny the reminder of the allegations set forth in this Paragraph.

16.  Answering the allegations contained in Paragraph 24 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

17.  Answering Defendants deny the allegations set forth in Paragraphs 25 and 26 of the Complaint.

18.  Answering the allegations contained in Paragraph 27 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

19. Answering the allegations contained in Paragraph 28 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

## IV. CAUSES OF ACTION

### FIRST CLAIM
(Violation of Decedent's Fourteenth Amendment Rights 42 U.S.C. §1983 (Due Process) Excessive Force and *Monell*) - As to All Defendants)

20. Answering Paragraph 29 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 28 as though fully set forth herein.

21. Answering the allegations contained in Paragraph 30 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

22. Answering Defendants deny the allegations set forth in Paragraphs 31, 32, 33 and 34 of the Complaint.

### SECOND CLAIM
(Violation of Decedent's Fourth Amendment Rights 42 U.S.C. §1983 (Due Process) As to all Defendant Officers and Does 1-20)

23. Answering Paragraph 35 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 34 as though fully set forth herein.

24. Answering the allegations contained in Paragraph 36 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

25. Answering Defendants deny the allegations set forth in Paragraphs 37, 38 and 39 of the Complaint.

### THIRD CLAIM
**(Violation of Plaintiffs' Fourth Amendment Rights 42 U.S.C. §1983 (Familial Relations) As to all Defendant Officers and Does 1-20)**

26. Answering Paragraph 40 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 39 as though fully set forth herein.

27. Answering the allegations contained in Paragraph 41 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

28. Answering the allegations contained in Paragraph 42 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

29. Answering Defendants deny the allegations set forth in Paragraphs 43, 44 and 45 of the Complaint.

### FOURTH CLAIM
**(Violation of 42 U.S.C. §12132 (ADA Discrimination) - As to Defendant DALY CITY)**

30. Answering Paragraph 46 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 45 as though fully set forth herein.

31. Answering the allegations contained in Paragraph 47 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

32. Answering Defendants deny the allegations set forth in Paragraphs 48, 49, 50 and 51 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Wrongful Death – Negligence – As to All Defendants)**

33. Answering Paragraph 52 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 51 as though fully set forth herein.

34. Answering the allegations contained in Paragraph 53 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

35. Answering Defendants deny the allegations set forth in Paragraphs 54, 55, and 56 of the Complaint.

36. Answering the allegations contained in Paragraph 57 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

**SIXTH CAUSE OF ACTION**
**(Assault and Battery – As to All Defendant Officers, DALY CITY and DOES 1-20)**

37. Answering Paragraph 58 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 57 as though fully set forth herein.

38. Answering the allegations contained in Paragraph 59 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

39. Answering Defendants deny the allegations set forth in Paragraphs 60, 61 and 62 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(BANE ACT VIOLATION – As to All Defendant Officers, DALY CITY and DOES 1-20)**

40. Answering Paragraph 63 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 62 as though fully set forth herein.

41. Answering the allegations contained in Paragraph 64 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

42. Answering Defendants deny the allegations set forth in Paragraphs 65, 66, 67, 68, 69, 70 and 71 of the Complaint.

**EIGHTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress –**
**As to All Defendant Officers, DALY CITY and DOES 1-20)**

43. Answering Paragraph 72 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 71 as though fully set forth herein.

44. Answering the allegations contained in Paragraph 73 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

45. Answering Defendants deny the allegations set forth in Paragraphs 74, 75, 76, 77, 78, 79 and 80 of the Complaint.

**NINTH CAUSE OF ACTION**
**(Negligent Infliction of Emotion Distress –**
**as to All Defendant Officers, DALY CITY and DOES 1-20)**

46. Answering Paragraph 81 of the Complaint, Answering Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 80 as though fully set forth herein.

47. Answering the allegations contained in Paragraph 82 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this paragraph and, basing their denial on that ground, deny the allegations therein.

48. Answering Defendants deny the allegations set forth in Paragraphs 83, 84, 85 and 86 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

These Answering Defendants allege that the Complaint fails to state a cause of action against these Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

These Answering Defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these Defendants are liable to Plaintiffs, then these Defendants allege that Plaintiffs and Decedent were also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these Defendants must be reduced by that percentage which reflects the comparative fault of others.

**THIRD AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiffs and Decedent acted with full knowledge of all the facts and circumstances surrounding their injuries and that said matters of which Plaintiffs and decedent assumed the risk proximately contributed to and proximately caused their injuries, if any.

**FOURTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege their acts were necessary and privileged.

**FIFTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege those at all times relevant herein, Defendants acted without malice and with reasonable suspicion and/or probable cause.

**SIXTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each of the acts alleged to have been committed by Defendant CITY OF DALY CITY Police Officers were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

**SEVENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that the acts complained of occurred within the scope of Defendants' official duties and Defendants had no knowledge that said acts neither were illegal and/or unconstitutional, nor were said acts clearly violative of the Plaintiffs' and Decedent's rights at the time they were committed.

**EIGHTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiffs and Decedent were guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the Complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and Plaintiffs' and Decedent's willful and gross behavior either bars or reduces any potential recovery.

**NINTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiffs and Decedent, by his own conduct, induced and intentionally caused and brought about the conduct of which Plaintiffs complain, and the injuries, loss and damages complained of, and Plaintiffs' and Decedent's intentional conduct either bars or reduces any potential recovery.

**TENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiffs and Decedent consented to the acts complained of in the Complaint and that said consent was both express and implied.

**ELEVENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Decedent herein was under a duty pursuant to Penal Code §§ 69 and 148 to refrain from willfully resisting, delaying or obstructing a police officer; that Decedent breached this duty even though he knew, or with the exercise of reasonable care should have known, that he was resisting, delaying or obstructing a police officer; and that as a direct and proximate result of the Decedent's breach of this duty, Plaintiffs are barred from recovering any loss or damage they may have incurred, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Decedent herein as under a duty pursuant to Penal Code § 834a to refrain from using force or any weapon to resist his detention; that Decedent breached this duty even though he knew or with the exercise of reasonable care should have known that he was being detained by police officers; that as a direct and proximate result of the Decedent's breach of this duty, Plaintiffs are barred from recovering any loss or damage they may have incurred, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Defendant CITY OF DALY CITY Police Officers acted with such force as was necessary in the protection of their own body and person.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that only such force as was necessary and authorized by Penal Code §§ 835, 835a, 839 and 843 was used in effecting the detention of Decedent.

///

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that no more force was used on the Decedent's person than as necessary to overcome his resistance, prevent escape, prevent injury to the officers and others, effectuate an arrest, and/or to facilitate and safeguard a valid police investigation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiffs' causes of action are barred by virtue of California Penal Code §§ 148(a)(1), 245, 422, 664, 834, 834a, 835, 835a, 836, and 836.5.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each and every cause of action alleged in the Complaint is barred by qualified immunity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that this Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, §§ 815, 815.2, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 845.6, and 845.8(b)(3).

**NINETEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants contend that Plaintiffs' causes of action are barred by virtue of the doctrines of unclean hands, estoppel and laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiffs have failed to mitigate the alleged damages, if any, which they claim to have sustained, and their recovery, if any, should be barred or diminished accordingly.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

These Answering Defendants allege that that Plaintiffs' causes of action are barred by virtue of Plaintiffs' failure to comply with Government Code §§900 et seq. and particularly, Government Code §§ 905, 910, 911.2, 911.4, 945.6, and 946.6.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiffs' failure to comply with the requirements of Code of Civil Procedure §§ 335, et seq., including, but not limited to §§ 335.1, 340 and 342.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Should Plaintiffs recover damages against any defendant or defendants, said defendant or defendants are entitled to have the amount abated, reduced, or eliminated to the extent that Plaintiffs' or Decedent's negligence caused or contributed to the damages, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Decedent was not a qualified individual with disabilities as defined by Federal and State law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

With respect to any claims or causes of action under state law, the Complaint and Plaintiffs' damages are limited to the damages submitted in the underlying claim. Plaintiffs may not recover damages in this matter that were not claimed in the underlying claim and any such damages omitted from the underlying claim are excluded from this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that at the time of the detention of the Plaintiffs' Decedent, defendants were peace officers acting within the course and scope of their authority and that reasonable cause existed to detain Decedent pursuant to Welfare & Institutions Code §5150.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff Mary Knoll Ragudo-Johnson and Plaintiff Roberto Caisip lack standing to sue or otherwise pursue any claims or causes of action, including but not limited to, such with respect to: 42 U.S.C. § 1983 or 42 U.S.C. § 12132; any Constitutional violation; any ADA discrimination; assault and battery; any Bane Act violation; or any claims or causes of action for wrongful death, whether under Federal or State law.

---

ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF DALY CITY, POLICE CHIEF PATRICK HENSLEY, OFFICER COREY SHOOPMAN, OFFICER BRUCE PERDOMO, AND OFFICER NICHOLAS MCCARTHY; Case No. 4:18-CV-05602-YGR     13

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that any claim for punitive or exemplary damages is limited by the United States Constitution including the First, Fifth, Eighth and Fourteenth Amendments, and by the California Constitution, including Article I, and that, therefore, Civil Code Section 3294 must be limited, if applied at all in this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

These Answering Defendants contend that Plaintiffs' action is frivolous, unreasonable and without foundation and Defendants are therefore entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure §§ 1021.7 and 1038.

WHEREFORE, these Answering Defendants pray that Plaintiffs take nothing by their Complaint, for costs of suit herein, and for such other and further relief as to the Court may deem reasonable and proper.

Date:  December 28, 2018                HOWARD ROME MARTIN & RIDLEY LLP


By: /s/ Lisa K. Rauch
    Todd H. Master
    Lisa K. Rauch
    Attorneys for Defendants
    CITY OF DALY CITY, POLICE CHIEF
    PATRICK HENSLEY, OFFICER COREY
    SHOOPMAN, OFFICER BRUCE
    PERDOMO, and OFFICER NICHOLAS
    McCARTHY

### NOTICE OF INTENT TO SEEK ATTORNEYS' FEES

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants contend that Plaintiffs' Complaint was not filed nor maintained in good faith or with reasonable cause and that these Defendants are entitled to and

intend to seek reasonable attorneys' fees from the Plaintiffs and from Plaintiffs' attorneys of record, pursuant to Title 42 U.S.C. § 1988 and Code of Civil Procedure §§ 1021.7 and 1038.

Date: December 28, 2018                     HOWARD ROME MARTIN & RIDLEY LLP


By: /s/ Lisa K. Rauch
    Todd H. Master
    Lisa K. Rauch
    Attorneys for Defendants
    CITY OF DALY CITY, POLICE CHIEF
    PATRICK HENSLEY, OFFICER COREY
    SHOOPMAN, OFFICER BRUCE
    PERDOMO, and OFFICER NICHOLAS
    McCARTHY

## **JURY DEMAND**

These Answering Defendants hereby demand a trial by jury in this action.

Date: December 28, 2018                     HOWARD ROME MARTIN & RIDLEY LLP


By: /s/ Lisa K. Rauch
    Todd H. Master
    Lisa K. Rauch
    Attorneys for Defendants
    CITY OF DALY CITY, POLICE CHIEF
    PATRICK HENSLEY, OFFICER COREY
    SHOOPMAN, OFFICER BRUCE
    PERDOMO, and OFFICER NICHOLAS
    McCARTHY